UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CITRUS CONTRACTING LLC
a/a/o Walid Mardini,

    Plaintiff,　　　　　　　　　　　CASE NO: 6:19-cv-02192-JA-EJK

vs.　　　　　　　　　　　　　　　　**DISPOSITIVE MOTION**

LIBERTY MUTUAL FIRE
INSURANCE COMPANY,

    Defendant.
_____/

**MOTION TO DISMISS AND
INCORPORATED MEMORANDUM OF LAW**

Defendant, Liberty Mutual Fire Insurance Company ("Liberty Mutual"), moves to dismiss the complaint.  This is an "Assignment of Benefits" lawsuit.  Plaintiff is not insured by Liberty Mutual.  Instead, Plaintiff alleges that one of the insureds, Walid Mardini, assigned his rights under the insurance policy to Plaintiff.  However, the purported assignment is not valid.  For that reason, the complaint must be dismissed.

**I.　　Allegations in the Complaint and Additional Documents**

Liberty Mutual issued insurance policy H32-251-568335-40 8 0 to Walid Mardini and Rana Mardini.  (DE 1-1 at 8.)  The insurance policy provided coverage for properaty located at 2117 Wembley Place, Oviedo, Florida.  (DE 1-1 at 3.)  On September 10, 2017, the insured property was damaged by Hurricane Irma.  *Id.*

Walid Mardini made a claim to Liberty Mutual.  *Id.*  He also executed a document called "Assignment of Insurance Claim."  (DE 1-1 at 68.)  This document says it was "in consideration for the services to be performed as defined in the contract signed on [3/21/19]."  *Id.*  The complaint does not attach the contract.  However, is attached hereto as Exhibit **"A."**  This Court may consider this document on a motion to dismiss without converting the motion into one for summary judgment.  *See Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005) ("[C]ourt may consider a document attached to a motion to dismiss without converting the motion into one for summary judgment if the attached document is (1) central to the plaintiff's claim and (2) undisputed.").

The "Work Authorization" attached hereto lists the homeowner as Walid Mardini.  However, it is signed only by Rana Mardini.  The Scope of Work is blank.  The Agreed Price is "TBD."  The document says "the above prices, specifications and conditions are satisfactory and are hereby accepted" but there are no "prices, specifications, or conditions" in the document.  The document is dated March 21, 2019.

Rather than agree on a price with the Mardinis, Plaintiff alleges it "provided Defendant with an itemized description of the services required to return the Property to a 'pre-loss' condition, as required by the Policy, but Defendant failed to pay the total amount owed for these services."  (DE 1-1 at 4.)  This "itemized description" is attached to the complaint.  (DE 1-1 at 70.)  It was not even created by Plaintiff.  It was created by something called "DDA Claims Management."  The

"itemized description" was created based on an inspection that purportedly occurred on August 6, 2019. *Id.* That is approximately five months *after* the purported contract between Plaintiff and Walid and/or Rana Mardini was signed. The estimate says it was completed on September 16, 2019. *Id.* That is approximately six months *after* the purported contract between Plaintiff and Walid and/or Rana Mardini was signed.

The insured property at 2117 Wembley Place, Oviedo, Florida is owned by both Walid and Rana Mardini. It is their homestead property. The documents showing this property is homestead protected are attached hereto as Exhibit **"B."** These documents also may be accessed by visiting the Seminole County Property Appraiser website.[1] This Court may consider these documents when deciding this motion to dismiss. *Universal Express, Inc. v. U.S. S.E.C.*, 177 Fed. Appx. 52, 53 (11th Cir. 2006).

## II.     Motion and Memorandum of Law

This lawsuit involves a so-called "Assignment of Benefits."[2] The Legislature recently addressed "Assignment of Benefits." *See* §§ 627.7153, 627.7152, Fla. Stat. However, prior to the enactment of these laws, post-loss insurance rights could be assigned. *Sec. First Ins. Co. v. State, Office of Ins. Regulation*, 177 So. 3d 627, 628 (Fla. 1st DCA 2015). The assignment gives the assignee standing to sue. *Progressive Exp. Ins. Co. v. McGrath Cmty. Chiropractic*, 913 So. 2d 1281, 1285

---

[1] https://parceldetails.scpafl.org/ParcelDetailInfo.aspx?PID=28213150700000120
[2] For background, please see https://www.tallahassee.com/story/news/2019/03/27/aob-lawsuits-continue-plague-florida-new-study-shows/3289723002/

(Fla. 2d DCA 2005).  Absent a valid assignment, however, a non-insured plaintiff does not have standing.  *Id.*  Only the insured or the assignee "owns" the rights at any one time, and only the person or entity who "owns" the rights has standing.  *Id.*; *see also Oglesby v. State Farm Mut. Auto. Ins. Co.*, 781 So. 2d 469, 470 (Fla. 5th DCA 2001); *Ductan v. First Liberty Ins. Corp.*, 15-22929-CIV, 2015 WL 6599755, at *2 (S.D. Fla. Oct. 30, 2015).  However, an invalid assignment does not transfer rights under an insurance policy.  *Progressive Exp. Ins. Co. v. Hartley*, 21 So. 3d 119, 120 (Fla. 5th DCA 2009).

The "Assignment of Benefits" in this case is invalid for two reasons.  The first is that Plaintiff and the Mardinis did not agree on a price for the work to be performed.  The second is that the "Assignment of Benefits" improperly attempts to divest Walid Mardini of insurance proceeds protected by the homestead exemption.

**A. The "contract(s)" between Plaintiff and Walid and/or Rana Mardini is invalid for lack of a price.[3]**

The "Assignment of Insurance Claim" form does not contain a price, but, instead, references a contract signed on March 21, 2019.  The "Work Authorization" attached hereto also does not contain a price.  Instead, in the space designated to agree on a price, someone wrote "TBD."  The Scope of Work and specifications also are blank.  Instead of an agreed price, Plaintiff appears to take the position that the price for the work is based on an amount determined by "DDA Claims Management"

---

[3] A common argument is that insurers cannot challenge whether a purported assignment transferred rights to a third party.  This is incorrect.  *Martin Properties, Inc. v. Florida Indus. Inv. Corp.*, 833 So. 2d 825 (Fla. 4th DCA 2002); *see also MSP Recovery, LLC v. Allstate Ins. Co.*, 276 F. Supp. 3d 1311, 1316 (S.D. Fla. 2017) ("MSP next argues that Allstate does not have standing to challenge the validity of the assignments from FHCP to La Ley, and from La Ley to MSP.  However, Allstate does not seek to invalidate the assignments; rather, Allstate challenges the Plaintiff's standing to bring this suit.").

located in Doral, Florida—six months *after* the "Assignment of Insurance Claim" and "Work Authorization" forms were signed.

The contract between Plaintiff and Walid and/or Rana Mardini is invalid because it does not contain a price for the work.  In *Martin v. Jack Yanks Const. Co.*, 650 So. 2d 120, 121 (Fla. 3d DCA 1995), the Third District Court of Appeal explained that "in the absence of a definite price or a means of determining a price not left solely to the contractor's discretion, the proposal failed as a binding agreement."  The contract in that case stated, as the price for the work: "Final price for restoration work to be worked out with Liberty Mutual Insurance Company and the general contractor."  *Id.* at 120.  The Court found the absence of a definite price caused the contract to be invalid.

The *Gables I Townhomes, Inc. v. Sunmark Restoration, Inc.*, 687 So. 2d 6, 6 (Fla. 3d DCA 1996) case also is instructive.  There, a condominium association and a contractor agreed for the contractor to negotiate a recovery for damage caused by hurricanes with the insurance company and then to perform the necessary repairs. "The agreement lacked a price term, leaving the final amount of the contract up to the negotiations between Sunmark and the insurance company."  *Id.* at 6.  On these facts, the Third District held that "no contract existed between the parties."  *Id.* at 6. The Court explained:

> The parties' agreement fails for indefiniteness rendering it unenforceable. No meeting of the minds occurred between Gables I and Sunmark because the "proposal/contract" left it to the future will of Sunmark and the insurance company, who was not a party to the

> contract, to determine the price term in the contract. In the absence of a definite price or a method of determining a price not left solely to Sunmark's discretion, the agreement must fail as a binding contract.

*Id.* at 6-7 (internal citations omitted).

Here, the price is listed only as "TBD." Now, Plaintiff takes the position that the price is determined based on an estimate by a third-party created six months *after* Walid and Rana Mardini signed the documents on March 21, 2019. Thus, the price of the work was left to the discretion of the third-party, but was not agreed to by the Mardinis. This is not a valid contract under *Martin* and *Gables*. An invalid contract does not transfer rights under an insurance policy. *Hartley*, 21 So. 3d at 120.

### B. The Assignment is invalid because it involves homestead property.

Plaintiff sues as the putative assignee of insurance benefits for property located at 2117 Wembley Place, Oviedo, Florida. This property is homestead protected property. When, like here, homestead property is damaged, the proceeds of an insurance contract providing coverage for the homestead property are imbued with the same protections as the homestead property. *Quiroga v. Citizens Prop. Ins. Corp.*, 34 So. 3d 101, 102 (Fla. 3d DCA 2010); *Orange Brevard Plumbing & Heating Co. v. La Croix*, 137 So. 2d 201, 203–04 (Fla. 1962); *Kohn v. Coats*, 138 So. 760, 760 (Fla. 1931). An owner of homestead property cannot, as a matter of public policy, through an unsecured agreement enter into an enforceable contract to divest himself or herself from the exemptions provided by Art. X, § 4(a) of the Florida

Constitution. *Quiroga*, 34 So. 3d at 102. As stated unequivocally by the Florida Supreme Court: "a waiver of the homestead exemption in an unsecured agreement is unenforceable." *Chames v. DeMayo*, 972 So. 2d 850, 853 (Fla. 2007). In *Chames*, the Florida Supreme Court explained the policy behind this rule. "Requiring that a waiver of the homestead exemption be made in the context of a mortgage assures that the waiver is made knowingly, intelligently, and voluntarily." *Id.* at 861.

The *Quiroga* case shows that the purported assignment relied on by Plaintiff here is invalid. In that case, Quiroga retained a law firm to represent him in a lawsuit against his insurance company for damage to his property caused by hurricanes. The law firm secured insurance proceeds for the benefit of Quiroga. Quiroga, in turn, "not only terminated the law firm's contingent fee representation of him, but also sought to shield himself from any responsibility to compensate his counsel by claiming the insurance proceeds are exempt homestead property, not subject to attachment by means of a charging lien." 34 So. 3d at 101.

The trial court denied a motion by the law firm to impress a charging lien. The law firm appealed, and the Third District Court of Appeal affirmed. The Third District noted that the hurricane damaged property was constitutionally exempt homestead property. The Third District also stated the rule that "[i]n the event a homestead is damaged through fire, wind or flood, the proceeds of any insurance recovery are imbued with the same privilege." *Id.* at 102. Applying the rule to the facts in the case, the Third District held that "[b]ecause Quiroga did not and, as a matter of

7

public policy in this State, cannot through an unsecured agreement, such as the contingent fee agreement in this case, enter into an enforceable contract to divest himself from the exemptions afforded him through Article X, section 4(a)." *Id.*

The holding in *Quiroga* was applied, like here, to an "assignment of benefits" by a contractor. In *JD Restoration, Inc. v. Universal Property & Cas. Ins. Co.*, 2017 WL 10775397 (Fla. 15th Jud. Cir. April 17, 2017), the trial court dismissed a lawsuit brought by a contractor who sued as a purported assignee of the insured. Relying on *Quirogo*, the trial court held:

> [T]he proceeds from Defendant's casualty policy in favor of its insureds are imbued with the same insulation as the property itself enjoys, and that insulation can be stripped or avoided only by proper procedure to create a secured interest in the insurance proceeds in favor of Plaintiff. Therefore, the clear and unambiguous assignment, to be effective, must be fully executed by the [insureds] in the manner prescribed by §§689.01 and 689.111, Fla. Stat.

The plaintiff in that case appealed. The Fourth District Court of Appeal affirmed citing *Quiroga*. *JD Restoration Inc. v. Universal Prop. & Cas. Ins. Co.*, 245 So.3d 809 (Fla. 4th DCA 2018). A similar holding is found in *One Call Property Services, Inc. v. St. Johns Ins. Co.*, 2014 WL 7496474 (Fla. 19th Jud. Cir. November 20, 2014). That order too was affirmed. *One Call Prop. Services, Inc. v. St. Johns Ins. Co., Inc.*, 183 So. 3d 364 (Fla. 4th DCA 2016).[4]

---

[4] Liberty Mutual recognizes that a "PCA" has no precedential value. *Dep't of Legal Affairs v. Dist. Court of Appeal, 5th Dist.*, 434 So. 2d 310, 311 (Fla. 1983). Thus, Liberty Mutual relies on *Quiroga* and the trial court orders in *JD Restoration* and *One Call*. However, the "Citation PCA" in *JD Restoration* should add to the persuasive value of the trial court order in that case.

The assignment in this case attached to the complaint is unsecured. It was not "signed in the presence of two subscribing witnesses" as the law requires. *See* § 689.01, Fla. Stat.; *see also Am. Gen. Home Equity, Inc. v. Countrywide Home Loans, Inc.*, 769 So. 2d 508, 509 (Fla. 5th DCA 2000) (discussing subscribing witness requirement). Walid Mardini "cannot through an unsecured agreement…enter into an enforceable contract to divest [their]self from the exemptions afforded him through Article X, section 4(a)." *Quiroga*, 34 So. 3d at 101; *see also Chames*, 972 So. 2d at 853 ("[A] waiver of the homestead exemption in an unsecured agreement is unenforceable.").

In addition, the assignment is signed by Walid Mardini only. However, the property is owned by Rana Mardini as well. And Rana Mardini is a named insured under the insurance policy. (DE 1-1 at 8.) This is another reason the attempt to divest the homestead protected insurance proceeds is invalid. *See One Call*, 2014 WL 7496474 ("In this case, the 'Assignment of Benefits' impermissibly seeks to divest the homeowners of these constitutionally protected insurance proceeds and, therefore, the agreement is invalid. This is particularly true where, as here, the contract was not executed by June Schlanger.").

For these reasons, the assignment was ineffective and invalid.

### III. Conclusion

The assignment and contract upon which this lawsuit is based are invalid. Accordingly, Plaintiff has no interest in the insurance policy and lacks standing to bring this lawsuit. Accordingly, the complaint should be dismissed.

Respectfully submitted,
BUTLER WEIHMULLER KATZ CRAIG LLP

/s/ Matthew J. Lavisky
MATTHEW J. LAVISKY, ESQ.
Florida Bar No.: 48109
mlavisky@butler.legal
STARR L. BROOKINS, ESQ.
Florida Bar No.:  92284
sbrookins@butler.legal
400 N. Ashley Drive, Suite 2300
Tampa, Florida  33602
Telephone:   (813) 281-1900
Facsimile:    (813) 281-0900
*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I certify that on November 25, 2019, I presented the foregoing to the Clerk of Court for filing and uploading to the CM/ECF system, which will send a Notice of Electronic Filing to counsel of record.

/s/ Matthew J. Lavisky
MATTHEW J. LAVISKY, ESQ.