UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CITRUS CONTRACTING LLC
a/a/o Walid Mardini,

    Plaintiff,                                    CASE NO: 6:19-cv-02192-JA-EJK

vs.

LIBERTY MUTUAL FIRE
INSURANCE COMPANY,

    Defendant.
_____/

**REPLY TO PLAINTIFF'S RESPONSE TO
DEFENDANT'S MOTION TO DISMISS**

**I.    THE EXCEPTION TO THE HOMESTEAD EXEMPTION DOES NOT APPLY.**

There exists an exception to the homestead exemption. It is for "obligations <u>contracted</u> for the…improvement or repair" of the homestead property. Fla. Const. Art. X, § 4(a). (emphasis added). Plaintiff misstates the exception. It says the exception is for "the improvement or repair of the house"—leaving out the important "contracted for" requirement. As set out below, the exception does not apply.[1]

    **A.  <u>The exception applies only to obligations for the improvement or repair of the property, *which are contracted for*.</u>**

As stated above, the exception to the homestead exemption is for "obligations <u>contracted</u> for the…improvement or repair" of the homestead property. Fla. Const. Art. X, § 4(a). Plaintiff acknowledges that the "assignment" is not a contract for

---

[1] When viewing the exception, this Court must construe it strictly. *Quigley v. Kennedy & Ely Ins., Inc.*, 207 So. 2d 431, 432 (Fla. 1968); *Pelecanos v. City of Hallandale Beach*, 914 So. 2d 1044, 1046 (Fla. 4th DCA 2005).

improvement or repair of property.  *See* Resp. at 3-4 ("A construction contract for services and an assignment of benefits are two very different documents and Defendant offers no support to show an assignment of benefits must adhere to the strict requirements of a construction contract.").  This acknowledgement forecloses Plaintiff's argument that the exception applies.

Liberty Mutual explained in its motion to dismiss that the contract between Plaintiff and Walid and/or Rana Mardini is invalid because it does not contain a price. *See Gables I Townhomes, Inc. v. Sunmark Restoration, Inc.*, 687 So. 2d 6, 6 (Fla. 3d DCA 1996); *Martin v. Jack Yanks Const. Co.*, 650 So. 2d 120, 121 (Fla. 3d DCA 1995).  Plaintiff, in its reply, did not dispute this point.  Because the contract is invalid, the exception to the homestead exemption does not apply.  This is seen in *Cross v. Strader Const. Corp.*, 768 So. 2d 465 (Fla. 2d DCA 2000).

In *Cross*, the Crosses hired a general contractor to construct their home.  A dispute arose, and Strader—the general contractor—sued under three causes of action: enforcement of a mechanic's lien, breach of contract, and quantum meruit. *Id.*  The trial court denied all claims, except the claim for quantum meruit.  The trial court awarded Strader $28,011 in damages.

Strader moved to enforce the judgment lien and authorize sale of the property.  The trial court granted the motion.  The Crosses appealed.  They argued that the trial court erred because the property was their homestead.

The issue on appeal focused on the exception to the homestead exemption. Strader argued the exception applied because the judgment was for goods, labor,

and materials that were used in the improvement of the property.  The appellate court disagreed:

> Strader would be correct if he had prevailed on his mechanic's lien claim or his breach of contract claim. However, the trial court denied both of these claims and the final judgment was not appealed.

*Id.* at 466.

The appellate court explained:

> Article X, Section 4(a) expressly provides that obligations for the purchase, improvement, or repair of the property, which are **contracted for**, are an exception to the homestead exemption. Florida law requires a strict construction of the exceptions to the homestead exemption. Quantum meruit is the antithesis of matters contracted for….We conclude that the judgment for quantum meruit damages in this case does not fall within the exceptions to the homestead exemption.

*Id.* (internal citations omitted; emphasis original.)

Thus, contrary to Plaintiff's argument, the exception is not for "the improvement or repair of the house."  It is for obligations for the improvement or repair of the property, which are **contracted for**.  And, as *Cross* shows, that contractual obligation must be valid.  The contract between Plaintiff and Walid and/or Rana Mardini is invalid for lack of a price.  And Plaintiff itself acknowledges that the assignment is not a contract for the repair or improvement of property.  (Resp. at 3-4.)  Accordingly, the exception to the homestead exemption does not apply.

### B. <u>An assignment is not an obligation contracted for the repair of property.</u>

Excepted from the homestead exemption are "obligations contracted for the…improvement or repair" of homestead property.  This exception does not apply

3

because the assignment is not an "obligation contracted for repair" of the property, which Plaintiff acknowledges. In *Perry v. Beckerman*, 97 So. 2d 860, 863 (Fla. 1957), the Court explained:

> While an obligation contracted for the erection or repair of improvements on homestead real estate is enforceable against the homestead, such an obligation to be so enforceable must be one contracted directly for labor and materials used in the construction of the improvement. An advance of money borrowed to purchase materials or to pay off labor is not within the scope of the exception to the homestead exemption. In such case the contract is to repay money loaned or expended and it is not in the nature of a contract to pay for the erection of the improvements or for the labor.

Here too, the assignment is not a contract directly for labor and materials used in the repair of the property. Rather, it is an alienation of an interest in insurance benefits. Whether or not that alienation is part of some alternative funding arrangement for work that may or may not be done at the property, the *Perry* case makes clear that the exception only applies to a contract to directly repair or improve the property, which, as Plaintiff acknowledges, the assignment is not. (Resp. at 3-4.)

## II. LIBERTY MUTUAL HAS STANDING TO CHALLENGE WHETHER PLAINTIFF HAS STANDING.

Plaintiff argues it can sue Liberty Mutual, but Liberty Mutual cannot challenge whether Plaintiff holds any rights that would allow it to sue Liberty Mutual. Plaintiff's argument is foreclosed by *Martin Properties, Inc. v. Florida Indus. Inv. Corp.*, 833 So. 2d 825 (Fla. 4th DCA 2002). In that case, a party contended another party, MPI, "had no standing to challenge the validity of the assignment because MPI was

neither a party to it nor a third party beneficiary of it." *Id.* at 827.  However, the appellate court said "[t]<u>hat, however, is not the test</u>."  *Id.*  (emphasis added.)

> Standing is, in the final analysis, that sufficient interest in the outcome of litigation which will warrant the court's entertaining it. It is beyond doubt that standing is, in most states, <u>no longer determined by first determining some abstract question such as "privity."</u>

*Martin Properties*, 833 So. 2d at 827 (emphasis added.)

In *Martin Properties*, if the assignment was not valid, MPI would own the property at issue.  The appellate court held that was sufficient to give MPI standing to challenge the validity of the assignment.  Similarly, here, if the assignment did not transfer ownership of the insurance claim to Plaintiff, Plaintiff has no standing to sue Liberty Mutual.  In addition, if the assignment did not transfer ownership of the insurance claim to Plaintiff, the ownership of the claim remains with the Mardinis and they, if anyone, are the only parties who can sue.  Liberty Mutual has an interest in not being sued by a party who does not hold the insurance rights and an interest in not being subjected to potential duplicate litigation.  This is an obvious "sufficient interest in the outcome of the litigation."

This issue also was addressed in *MSP Recovery, LLC v. Allstate Ins. Co.*, 276 F. Supp. 3d 1311, 1316 (S.D. Fla. 2017).

> MSP next argues that Allstate does not have standing to challenge the validity of the assignments from FHCP to La Ley, and from La Ley to MSP.  However, Allstate does not seek to invalidate the assignments; rather, Allstate challenges the Plaintiff's standing to bring this suit.

The same is true here.

        Respectfully submitted,
        BUTLER WEIHMULLER KATZ CRAIG LLP

/s/ Matthew J. Lavisky
MATTHEW J. LAVISKY, ESQ.
Florida Bar No.: 48109
mlavisky@butler.legal
STARR L. BROOKINS, ESQ.
Florida Bar No.: 92284
sbrookins@butler.legal
400 N. Ashley Drive, Suite 2300
Tampa, Florida 33602
Telephone: (813) 281-1900
Facsimile: (813) 281-0900
*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I certify that on December 6, 2019, I presented the foregoing to the Clerk of Court for filing and uploading to the CM/ECF system, which will send a Notice of Electronic Filing to counsel of record.

/s/ Matthew J. Lavisky
MATTHEW J. LAVISKY, ESQ.