# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

CITRUS CONTRACTING LLC,

        Plaintiff,

v.                                    Case No:  6:19-cv-2192-Orl-28EJK

LIBERTY MUTUAL FIRE INSURANCE
COMPANY,

        Defendant.

## ORDER

Plaintiff Citrus Contracting LLC (Citrus) filed this breach of contract action against Defendant Liberty Mutual Fire Insurance Company (Liberty) in Florida state court. (Compl., Doc. 1-1). Liberty then removed the case to this Court, (Doc. 1), and now moves to dismiss the claim against it, (Mot., Doc. 8). Having considered the motion, the Response (Doc. 9) filed by Citrus, the Reply (Doc. 14) filed by Liberty, and governing law, the Court denies Liberty's motion.

## I.  Background[1]

On or about September 10, 2017, Walid Mardini's Oviedo, Florida home (the "Property") was damaged by Hurricane Irma.  (Doc. 1-1 at 3).  Mardini timely filed an insurance claim under his Liberty property insurance policy (the "Policy") and was given a claim number.  (Id.).  On March 21, 2019, Mardini assigned certain Policy benefits to Citrus via a document titled "Assignment of Insurance Claim from Client to Contractor" (the

---

[1] The Background section of this Order is derived from the Complaint, the allegations of which are accepted as true at this stage of the case.

"Assignment") in consideration for services that he engaged Citrus to perform pursuant to a separate contract (the "Work Authorization"). (Id. at 3 & 68). Citrus then provided Liberty "with an itemized description of the services required to return the Property to a 'pre-loss' condition, as required by the Policy, but [Liberty] failed to pay the total amount owed for these services" and ultimately denied coverage for the loss and claim. (Id. at 4). Citrus filed the instant action against Liberty for breach of contract, claiming standing as assignee to sue Liberty for breaching the Policy. (Id.).

## II. Discussion

Liberty asserts in its motion to dismiss that Citrus lacks standing to bring this claim because the Assignment is invalid.[2] Liberty argues that the Assignment is invalid because (1) the Work Authorization between Citrus and Mardini is invalid for lack of a price and (2) the Assignment involves homestead property that cannot be divested in an unsecured agreement. The Court disagrees.

### A. The Work Authorization

Liberty implores the Court to review the Work Authorization—a document not attached to the Complaint—declare it invalid, and thus declare the Assignment invalid.[3] But the Court finds the cases Liberty cites inapplicable and instead finds the analysis in Paramount Disaster Recovery LLC v. Amica Mut. Ins. Co., No. 2:16-CV-14566-

---

[2] Sections 627.7152–7153, Florida Statutes, became effective July 1, 2019, detailing specific requirements for the assignment of post-loss benefits under a property insurance policy. Given the effective date of these sections, the parties agree that these requirements are inapplicable to this action.

[3] Although not specified within the motion, Liberty filed its motion under Federal Rule of Civil Procedure 12(b)(6). In ruling on a Rule 12(b)(6) motion, the court's review is typically limited to the four corners of the complaint. St. George v. Pinellas Cty., 285 F.3d 1334, 1337 (11th Cir. 2002). Even assuming Liberty's motion is in fact a Rule 12(b)(6) motion, the Court finds it unnecessary to consider the Work Authorization and therefore will not analyze its reviewability at this stage.

ROSENBERG/ MAYNARD, 2017 U.S. Dist. LEXIS 216839, at *5–10 (S.D. Fla. Dec. 6, 2017), to be persuasive. Paramount dealt with the same argument from an insurer and an assignment with relevant language identical to that in Citrus's Assignment. Id. at *6. The Paramount court noted that the assignment in that case was not qualified by the underlying service contract but merely referenced the contract as consideration for the bargain. Id. at *6–7. Thus, the court declined to impute the terms of the underlying contract into the assignment and refused to invalidate the assignment on those grounds.

The Assignment terms in the instant case are the same. Therefore, Liberty has not established that Citrus is not the proper party to bring this suit based on alleged insufficiencies in the Work Authorization.

### B. Homestead

Liberty's second argument is that the Property is homestead property that falls within Article X, § 4(a) of the Florida Constitution[4] such that the proceeds of the Policy retain the same homestead protections as the Property itself. Liberty further argues that, as such, the Property cannot be divested in an unsecured agreement and without the signature of both property owners—Walid *and* his wife Rana Mardini, who did not sign the Assignment—per section 689.01, Florida Statutes.[5] Citrus, on the other hand, argues that the Assignment falls within the Florida Constitution's exception to the homestead protection covering improvements or repairs to the home.[6]

---

[4] Article X, § 4(a) of the Florida Constitution reads: "There shall be exempt from forced sale under process of any court, and no judgment, decree or execution shall be a lien thereon, except for the payment of taxes and assessments thereon, obligations contracted for the purchase, improvement or repair thereof, or obligations contracted for house, field or other labor performed on the realty, the following property owned by a natural person . . ."

[5] Section 689.01 details signature requirements for certain real estate conveyances.

[6] See note 4 supra.

In support of its argument, Liberty cites two unpublished Florida circuit court orders[7]—both of which were affirmed *per curiam* without opinion—that rely on Quiroga v. Citizens Prop. Ins. Corp., 34 So. 3d 101 (Fla. 3rd DCA 2010). Quiroga involved a charging lien that attorneys sought to place on insurance proceeds. The Court is not persuaded that Quiroga is properly extended to assignments like the one in this case. In A.J. Wells Roofing & Const. v. First Liberty Ins. Corp., No. 2018-CA-0375, 2018 Fla. Cir. LEXIS 6615, at *1–4 (Fla. 4th Jud. Cir. September 12, 2018), another Florida circuit court explicitly declined to apply Quiroga's lien-related holding to the assignment fact pattern in that case. The Court finds the A.J. Wells case persuasive.

Neither the Supreme Court of Florida nor any Florida appellate court has explicitly extended Florida law as Liberty requests. This Court therefore will not invalidate the assignment on these grounds. Liberty's motion to dismiss must be denied.

## III. Conclusion

Accordingly, it is **ORDERED** that the Motion to Dismiss (Doc. 8) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida, on January 21st, 2020.

_____
JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record

---

[7] Liberty cites JD Restoration, Inc. v. Universal Property & Cas. Ins. Co., No. 16-CA-11733 AE MB, 2017 WL 10775397 (Fla. 5th Jud. Cir. April 17, 2017), and One Call Prop. Servs., Inc. v. St. Johns Ins. Co., Inc., No. 2013CA000868, 2014 WL 7496474 (Fla. 19th Jud. Cir. Nov. 20, 2014).